Sally B. McMinimee (5316)
Jared N. Parrish (11743)
Jennifer R. Korb (9147)
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 524-1000
Facsimile: (801) 524-1099
sbm@princeyeates.com
jnp@princeyeates.com
jrk@princeyeates.com

Attorneys for Receiver Robert G. Wing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP, et al,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN H. MOORE, an individual, MT DEVELOPMENT, LLC, a Utah limited liability company, BUSINESS RESEARCH & DEVELOPMENT, LLC, a Nevada limited liability company, ADVANCED BUSINESS DEVELOPMENT, LLC, a Nevada limited liability company,<br><br>Defendants. | **COMPLAINT**<br>**(Ancillary Suit)**<br><br>Civil No. _____<br><br>Judge Dee Benson |

Robert G. Wing (the "Receiver"), as Receiver for VesCor Capital Corp and all affiliated limited partnerships, corporations or other business entities (collectively referred to as "VesCor") complains against Defendants as follows:

## STATEMENT OF THE CASE

1. Defendant Shawn H. Moore was an employee of VesCor. Individually, and through the named entity defendants, Moore was paid consulting fees and commissions for referrals and consulting of investors in connection with their VesCor investments. Moore referred investors on his own, and split commissions with other sales agents. These commissions and consulting fees were paid out of the funds generated by a Ponzi scheme. As such, the payments were, by law, made with the actual intent to hinder, delay or defraud investors and other creditors of VesCor. The payments of commissions and consulting fees therefore constitute fraudulent transfers. In this action, the Receiver seeks return of the commissions and consulting fees to the receivership estate for pro rata redistribution to defrauded investors.

## PARTIES, JURISDICTION AND VENUE

2. Robert G. Wing is the Receiver for VesCor Capital.

3. Shawn H. Moore ("Moore") is an individual residing in Davis County, Utah.

4. MT Development, LLC ("MT") is a Utah limited liability company.

5.   Business Research and Development, LLC ("BRaD") is a Nevada limited liability company.

6.   Advanced Business Development, LLC ("ABD") is a Nevada limited liability company.

7.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 754.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 754.

## FACTUAL PREDICATE

9.   VesCor was operated by its principal Val Edmund Southwick ("Southwick") as a Ponzi scheme at all times relevant to this action.

10.  In or about 1990, Southwick organized and operated companies referred to collectively as "VesCor." VesCor raised capital primarily through the sale of securities to investors. VesCor told investors their money would be used to fund the development of commercial and industrial real estate. In fact, VesCor used most of the money it obtained from new investors to pay the debts owed to older investors, to pay commissions on the sale of investments to sales agents, to fund company operations, and to underwrite Southwick's lifestyle.

11.  In 1992, VesCor was sanctioned by the Utah Department of Commerce, Division of Securities ("Division") in a Stipulation and Consent Order wherein the Division alleged VesCor had sold unregistered securities to investors in the State of Utah.

12.     In 2002, VesCor was again sanctioned by the Division in a Stipulation and Consent Order, which said VesCor sold unregistered securities to investors in the State of Utah.

13.     In 2004, VesCor agreed with the Division to discontinue offering securities for sale to Utah residents, and to cease making offers for the sale of securities from within the State of Utah to investors who resided outside the State.  VesCor further agreed to pay its current investors their principal and accrued interest at the maturity date of their investments or at an earlier call date.

14.     By 2006, Vescor had grown to a complex web of over 150 corporations and limited liability companies, registered in Utah and Nevada, and owned interests in commercial and industrial real estate in Nevada, Utah, Montana and California.  On or about May 31, 2006 the VesCor Ponzi scheme collapsed when VesCor stopped paying monthly interest payments and principal redemptions to most investors.

15.     On March 31, 2008, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third Judicial District Court of Utah, and was later sentenced by Judge Robin Reese to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law.

16.     On February 6, 2008, the United States Securities and Exchange Commission ("SEC") filed suit against Southwick and five VesCor entities.  The SEC alleged violations of the anti-fraud provisions of the securities laws.

17. On May 5, 2008, this Court appointed Robert G. Wing as Receiver for the VesCor companies.

18. Moore was a long-time employee of VesCor, holding the title of "Manager, Real Estate Investment Group."

19. Moore was listed as a manager of many of the over 150 VesCor entities, and he executed investment documents for many investors on behalf of VesCor.

20. Moore referred investors to VesCor and met with many other investors to review and complete documents that evidenced their investment with VesCor. He was paid commissions, consulting fees or other payments for referring investors, and assisting in the referral of investors, to VesCor.

21. According to VesCor's financial records, between January, 2000 and February, 2008, Moore, personally and through the entity defendants, received at least $325,773.39 in commissions and consulting fees. The Receiver believes these payments were made to Moore in addition to his regular salary as payments for referring and assisting in the referral of investors to VesCor.

22. Moore split commissions with other sales agents of VesCor, particularly where Moore had to put substantial effort into facilitating the investment, such as when an investor engaged in a retirement account rollover in order to invest with VesCor.

23. Moore was recently charged by the Office of the Utah Attorney General with 13 felonies in the Third District Court for the State of Utah, including several counts of securities fraud, for his role in the VesCor scheme.

## CLAIM FOR RELIEF

### (Fraudulent Transfers)

24. Defendants received payments of commissions and consulting fees for referring investors to VesCor, including commission splits with other sales agents.

25. The money paid to Defendants was paid out of, and in furtherance of, a Ponzi scheme.

26. Because the transfers were made as part of a Ponzi scheme, as a matter of law, these transfers were made by VesCor with the intent to hinder, delay or defraud creditors and/or investors of VesCor.

27. Furthermore, the transfers were made at a time when VesCor was insolvent, VesCor did not receive reasonably equivalent value for the transfers, and, because Defendant was on inquiry notice of VesCor's insolvency at the time when payments were made, Defendant did not take the transfers in good faith.

WHEREFORE, Plaintiff prays as follows:

A. That the Plaintiff be awarded damages against Defendants in an amount to be determined at trial, plus interest, costs and attorneys fees; and

B. For such other relief as the Court may allow.

DATED this 1st day of May, 2009.

           PRINCE YEATES & GELDZAHLER

           /s/ Sally B. McMinimee
           Sally B. McMinimee
           Attorneys for Receiver Robert G. Wing

Case 2:09-cv-00394-DB   Document 2   Filed 05/01/09   Page 8 of 8